UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mariah Crenshaw, | ) | CASE NO. 1:23 CV 474 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Portfolio Recovery Associates, LLC, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant Portfolio Recovery Associates, LLC's Motion to Dismiss. (Doc. 13). This is a case arising out of a debt collection action filed in the Cleveland Municipal Court. For the reasons that follow, the motion is GRANTED.

**PROCEDURAL HISTORY**

Plaintiff Mariah Crenshaw ("Crenshaw") originally filed this action *pro se* against Defendant Portfolio Recovery Associates, LLC ("Portfolio"). Portfolio moved to dismiss the complaint and, in response, Crenshaw moved to amend the complaint. Plaintiff attached a

1

proposed amended complaint to her motion to amend. The proposed amended complaint seeks to add "count three," which is labeled as a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"). Thereafter, Christopher McNeal entered an appearance on behalf of plaintiff. The Court granted plaintiff's motion to amend and indicated that plaintiff's attorney was to file an amended complaint. Plaintiff did not file either the proposed amended complaint or a complaint prepared by her attorney. Thus, Crenshaw's original complaint is the operative complaint.

**FACTS**

For the purpose of ruling on the pending motion, the facts asserted in the complaint are presumed true.

Crenshaw's complaint against Portfolio seeks damages for "defamation, libel, slander, frivolous conduct" and for alleged violations of a federal consent decree issued by the Bureau of Consumer Financial Protection ("CFPB"). Compl. at ¶ 7.

According to the complaint, Portfolio is a "debt collector . . . who purchases debt information from credit card companies on uncollectible and discharged debt." *Id*. at ¶ 1. Portfolio allegedly purchased debt information from Synchrony Bank, LLC, where Crenshaw held a credit card. *Id*. at ¶ 2. Portfolio initiated an action against Crenshaw in the Cleveland Municipal Court seeking to collect on Plaintiff's account. *Id*. at ¶ 3.

Crenshaw alleges that the CFPB issued a federal consent decree requiring Portfolio "to cease certain business practices" including "attempting to collect full amounts on debts in courts when paying pennies on the dollar for the account information." *Id*. at ¶ 4. Although Crenshaw does not identify which consent decree is at issue or any of the consent decree's terms, Portfolio

allegedly violated the consent decree when it initiated the action against her in Cleveland Municipal Court. *Id*. at ¶¶ 6, 8.

The complaint further alleges that Portfolio called Crenshaw up to seven times a day without her express consent. *Id*. at ¶ 11. Crenshaw claims that Portfolio engaged in frivolous conduct under O.R.C. § 2323.51 when it filed the collection action in the Cleveland Municipal Court. *Id*. at ¶¶ 19, 23.

The complaint arguably asserts four causes of action.[1] Count one is labeled as a claim for violation of the CFPB's consent decree. Count two is a claim for violations of Ohio's frivolous conduct statute, R.C. § 2323.51. Although not expressly labeled, the complaint contains allegations that might support two additional claims: a claim for violation of the FDCPA and a claim for defamation. The Court will consider these "claims" as counts three and four, respectively.

Portfolio moves to dismiss the complaint in its entirety. Crenshaw opposes the motion.

**STANDARD OF REVIEW**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Ct. of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999). In a complaint, the plaintiff must "give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

---

[1] The Court rejects any argument that the complaint asserts a claim for violation of the Ohio Consumer Sales Practices Act. The complaint contains no reference to this statute, nor any allegations directed at such a claim.

3

*Roberts v. Taussig*, 39 F. Supp. 2d 1010, 1011-12 (N.D. Ohio 1999) (citations omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

While these standards for dismissal still apply where a plaintiff files a complaint *pro se*, "it is well-settled that *pro se* complaints and other documents, however inartfully pleaded, are held to less stringent standards than formal pleadings and documents drafted by lawyers, and are to be liberally construed." *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 881 (N.D. Ohio 1998) (citation and quotation omitted). Nevertheless, "[p]rinciples requiring generous construction of *pro se* pleadings are not without limits." *Muina v. Roman Diocese of Ohio*, 2015 WL 13947785, at *1 (N.D. Ohio Sept. 28, 2015) (citation omitted). "A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements." *Id*. (*citing Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The Court is "not required to conjure up questions never squarely presented [] or to construct full blown claims from sentence fragments." *Id*.

Finally, where a *pro se* plaintiff files a complaint and later retains an attorney who has the opportunity to amend the complaint, the more relaxed pleading standard need not apply. *See, e.g., Baker v. Madison*, 67 F.4th 1268 (11th Cir. 2023) (affirming lower court's dismissal of complaint filed *pro se* without liberal pleading standard where plaintiff retained an attorney who could have but did not amend complaint).

**ANALYSIS**

The Court will address each claim in turn.

4

1.      Violations of CFPB's Consent Decree

In the complaint, Crenshaw alleges that Portfolio is "under a permanent federal consent decree to cease certain business practices and to cease filing lawsuits . . . and to cease attempting to collect full amounts on debts in courts when paying pennies on the dollar for account information." Compl. at ¶ 4. Crenshaw further alleges that Portfolio violated the consent decree when it filed the action in the Cleveland Municipal Court. *Id*. at ¶¶ 6, 8. Crenshaw alleges that Portfolio has engaged in "unfair, deceptive, or abusive act[s] or practice[s]" in violation of the Consumer Financial Protection Act ("CFPA") in seeking to collect on her debt. *Id*. at 7 (*citing* 12 U.S.C. §§ 5531 and 5536(a)(1)(B)).

Portfolio argues that the CFPA does not provide a private right of action to consumers like Crenshaw and that only the CFPB, which acts as the rulemaking body and enforcement agency for the CFPA, has the authority to file civil actions. Portfolio further argues that Crenshaw cannot identify which consent decree it allegedly violated. In response, Crenshaw maintains that a private right of action exists, and the complaint clearly alleges violations of 12 U.S.C. §§ 5531 and 5536(a)(1)(B). Additionally, Crenshaw argues that because Portfolio may be under multiple consent decrees, the Court should allow her to explore the full extent of Portfolio's violations.

Upon review, the Court finds that the CFPA does not provide Crenshaw with a private right of action. *See, Foster v. Jeep Country Fed. Credit Union*, 2023 U.S. Dist. LEXIS 12998, at *12 (N.D. Ohio Jan. 25, 2023); *Simpson v. Xerox Educ. Servs., LLC*, 2017 U.S. Dist. LEXIS 207941, at *4 (W.D. Ky. Dec. 19, 2017); *Jones v. Deutsche Bank Nat'l Trust Co.*, 2017 U.S. Dist. LEXIS 170721, at *14 (M.D. Tenn. Oct. 16, 2017). While the CFPA "is explicit in the

creation of [the CFPB,]" which "has broad authority to file civil actions in federal court to enforce [its] provisions . . . . [t]he CFPA contains no express authority for its enforcement through private lawsuits." *Gingras v. Rosette*, 2016 U.S. Dist. LEXIS 66833, at *65-66 (D. Vt. May 18, 2016). "Legislative silence on [private remedies] is most frequently regarded by courts as an expression of legislative intent to exclude [them]." *Id*. at *66. "Thus, even if [Portfolio] violated the CFPA, the Act does not permit [Crenshaw] to bring a civil action and obtain relief." *Foster*, 2023 U.S. Dist. LEXIS 12998, at *12.

Because Crenshaw has not stated a claim that would entitle her to relief under the CFPA, dismissal of count one is warranted.

2. Violations of Ohio's Frivolous Conduct Statute, R.C. § 2323.51

Crenshaw alleges that Portfolio's filing of the action in the Cleveland Municipal Court constitutes frivolous conduct under R.C. § 2323.51. Compl. at ¶¶ 19, 23. Portfolio argues that the plain language of R.C. § 2323.51 only permits a party in an *existing* case to seek attorney's fees for frivolous conduct. Crenshaw does not address Portfolio's argument, but nonetheless insists that the Court should let her claim proceed.

Upon review, the Court agrees with Portfolio that Crenshaw cannot maintain a claim for sanctions under R.C. § 2323.51. First, "the Sixth Circuit has already rejected the argument that [R.C.] § 2323.51 supports a claim in federal court." *Pettrey v. Enter. Title Agency, Inc.*, 2006 WL 3342633, at *2 (N.D. Ohio Nov. 17, 2006). Because R.C. § 2323.51 is procedural in nature, any motion for sanctions would be governed by Rule 11 of the Federal Rules of Civil Procedure rather than R.C. § 2323.51. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 529 (6th Cir. 2002); *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F.

App'x 485, 494 n.3 (6th Cir. 2013) (explaining that Federal Rule 11, "not the comparable Ohio rule, governs the award of fees for frivolous conduct"). On this basis alone, Crenshaw's claim under R.C. § 2323.51 cannot survive.

Even if Rule 11 did not foreclose application of R.C. § 2323.51 in federal court, Crenshaw's request cannot be made by filing an entirely new action. Ohio's frivolous conduct statute provides,

> [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.

R.C. § 2323.51(B)(1). The statute requires the court where the motion is pending to set a hearing, provide notice of the hearing, and to determine at the hearing that the alleged conduct is frivolous. R.C. § 2323.51(B)(2). Generally, the motion should be made in the existing case where the frivolous conduct occurred. *See, e.g., State ex rel. Denlinger v. Douthwaite*, 2004-Ohio-2069, 31 (explaining that the court of appeals lacked "authority to address sanctions under [R.C. § 2323.51] related to the filing of a complaint" in the trial court); *In re Guardianship of Wernick*, 2006-Ohio-5950, 8 ("A court of appeals generally lacks authority under R.C. 2323.51 . . . to address a request for sanctions based on an allegedly frivolous complaint in the trial court."). Based on the statute's plain language, this Court may not award sanctions to Crenshaw for Portfolio's allegedly frivolous conduct in filing the collection action.

Because Crenshaw has not stated a claim that would entitle her to relief under the R.C. § 2323.51, dismissal of count two is warranted.

### 3. Violation of the Fair Debt Collection Practices Act

In the complaint, Crenshaw does not expressly label a claim against Portfolio for a

7

violation of the FDCPA. However, in response to Portfolio's motion to dismiss, Crenshaw argues that the complaint "references specific conduct" that clearly violates the FDCPA." Opp. at 9. In reply, Portfolio argues that the Court should not read an FDCPA claim into the complaint because, upon retaining counsel, Crenshaw did not amend the complaint to include the claim.

Upon review, the Court finds that Crenshaw fails to adequately plead a claim under the FDCPA. To state a claim under the FDCPA,

> a plaintiff must show: (1) that he is a 'consumer' as defined in 15 U.S.C. § 1692a(3); (2) that the debt arises out of a transaction which is primarily for personal, family or household purposes; (3) defendant is a debt collector as defined in the FDCPA; and (4) defendant has violated one of the prohibitions in the FDCPA.

*Walker v. Lyons, Doughty & Veldhuis, P.C.*, 2019 WL 1227792, at *2 (S.D. Ohio Mar. 15, 2019) (*citing Estep v. Manley Deas Kochalski, LLC*, 942 F. Supp. 2d 758, 766 (S.D. Ohio 2013)), *aff'd*, 552 F. App'x 502 (6th Cir. 2014) (quotations omitted). The absence of any factor is fatal to a claim under the FDCPA. *Id*. (*citing Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009)).

Courts in this Circuit have held that a plaintiff must "allege specific facts demonstrating that a debt was incurred for personal purposes" to adequately state a claim under the FDCPA. *See, Walker*, 2019 WL 1227792, at *2 (dismissing FDCPA claim where complaint lacked factual allegations to establish a debt as defined by the Act); *Estep v. Manley Deas Kochalski, LLC*, 942 F. Supp. 2d 758, 766-67 (S.D. Ohio 2013), *aff'd*, 552 F. App'x 502 (6th Cir. 2014) (dismissing FDCPA claim where allegation that plaintiffs resided at a residence was insufficient to infer that property in a foreclosure action was purchased primarily for personal, family, or household purposes).

The complaint includes allegations that "Portfolio is a debt collector" and that the debt at

issue related to an "insured credit card contract." Compl. at p. 1-2. There are, however, no factual allegations suggesting that the debt arises out of a transaction which is primarily for personal, family or household purposes. The allegation that the debt in question is related to a credit card does not alone satisfy the requirement that the debt be primarily for personal, family, or household purposes. *See Middleton v. Cavalry Portfolio Servs., LLC*, 2018 WL 342014, at *1 (D. Nev. Jan. 9, 2018) (dismissing FDCPA claim where plaintiff failed to allege "details concerning the nature of the credit card debt, specifically that the debt is one for personal, family, or household purposes"). Because the complaint fails to allege that Crenshaw incurred a consumer debt as required by the FDCPA, her claim must be dismissed.

Moreover, "[t]o state a claim under the FDCPA, a plaintiff must show that a defendant violated one of the substantive provisions of the FDCPA while engaging in debt collection activity." *Clark v. Lender Processing Servs.*, 562 F. App'x 460, 465-66 (6th Cir. 2014). Here, the complaint contains only one paragraph directed at an alleged violation of the FDCPA. Crenshaw alleges that:

> Portfolio is prohibited from utilizing computer dialing systems without the express consent of the consumer. Plaintiff states Portfolio called numerous times a day, would not answer when Plaintiff accepted the call, would not leave messages and would call up to seven (7) times a day. Plaintiff endured months of computerized robocalls in violation of the Fair Debt Collection Act and the Consent Decree.

Compl. at ¶ 11. This single paragraph is insufficient to state a claim against Portfolio as it fails to identify which section of the FDCPA Portfolio allegedly violated. "At that level of generality, neither [Portfolio] nor the court ha[ve] notice of what the claim actually [i]s (or how to respond to it)." *Kantz v. Rubin Lublin TN*, 2017 WL 11766771, at *3 (6th Cir. Mar. 30, 2017) (dismissing FDCPA claim where "[a]ll [plaintiff] allege[d] in his second amended complaint is that [the

9

defendant's] alleged foreclosure practices were in violation of the F.D.C.P. Act") (alterations omitted); *see also, Nowakowski v. Gross*, 2012 WL 4086779, at *1 (E.D.N.Y. Sept. 17, 2012) (dismissing FDCPA claim where "amended complaint d[id] not specify under which provisions of the FDCPA" plaintiff sued); *Ehrich v. RJM Acquisitions LLC*, 2009 WL 4545179, at *3 (E.D.N.Y. Dec. 4, 2009) (dismissing FDCPA claim where plaintiff failed to connect the defendant's conduct to particular FDCPA provisions).

Even reviewing Crenshaw's allegations under the more liberal *pro se* standard, her claim against Portfolio fails. The opposition to the motion to dismiss contains repeated references to a violation of the FDCPA and notes that the complaint "references specific conduct" that is violative of the FDCPA. Yet, like the complaint, the opposition contains only a single mention of "robocalls" allegedly made by Portfolio to Crenshaw. Further, the opposition references a violation of the FDCPA, but instead cites to sections of the CFPA at 12 U.S.C. §§ 5531 and 5536(a)(1)(B)). *Id*. at 7. And, the allegation regarding robocalls is set forth under count one, which is labeled a claim for violation of the CFPA. Thus, it is entirely unclear whether plaintiff is alleging that the robocall "claim" arises under the FDCPA or the CFPA. The Court is "not required to conjure allegations on [Crensahw's] behalf or construct claims for" her. *Jackson v. Apple*, 2022 WL 4132883, at *1 (N.D. Ohio Sept. 12, 2022) (*citing Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) and *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). Because "this Court and [Portfolio] are left to guess at basic elements of her [FDCPA] claim," the claim must be dismissed. *Zelesnick v. Islander Apts 44130*, 2021 WL 5961627, at *2 (N.D. Ohio Dec. 16, 2021).

    4.    Defamation

Like the FDCPA claim, Crenshaw does not expressly label a defamation claim. Instead, the complaint asserts only that Crenshaw seeks damages for defamation, libel, and slander, without any further factual support. In opposition to the motion to dismiss, Crenshaw argues that the complaint includes these claims. In reply, Portfolio argues that the complaint does not state a claim for defamation, and the Court should not read such a claim into the complaint. According to Portfolio, despite being granted leave to amend, Crenshaw never filed an amended complaint.

Upon review, the Court finds that Crenshaw fails to state claim for defamation. Under Ohio law, to establish a defamation claim, "the plaintiff must show: (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement." *Croce v. New York Times Co.*, 345 F. Supp. 3d 961, 973-74 (S.D. Ohio 2018), *aff'd*, 930 F.3d 787 (6th Cir. 2019). "The term slander refers to spoken defamatory words and libel refers to written defamatory words." *Holtrey v. Wiedeman*, 2023-Ohio-2440, 22 (12th Dist.). The elements of a claim for defamation, whether libel or slander, are the same. *Id*.

The complaint is void of any allegations that would amount to a claim for defamation. While the complaint includes allegations that Portfolio engaged in "false and misleading" conduct in the collection action before the Cleveland Municipal Court, Crenshaw does not explain what defamatory statement Portfolio made or how the statement was defamatory. Because Crenshaw fails to provide any factual allegations supporting a claim for defamation, whether libelous or slanderous, dismissal is warranted.

**CONCLUSION**

For the foregoing reasons, Defendant Portfolio Recovery Associates, LLC's Motion to Dismiss (Doc. No. 13) is GRANTED.

IT IS SO ORDERED.

Dated:  10/20/23

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge